UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BEVERLY FONDA WOODWARD,

    Plaintiff,

v.                                          Case No: 2:16-cv-572-FtM-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.[1]

## OPINION AND ORDER

Plaintiff, Beverly Fonda Woodward, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.    Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted as the defendant in this case.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on February 2, 2012, alleging a disability onset date of February 10, 2011. (Tr. 186). Plaintiff's application was denied initially on April 16, 2012, and upon reconsideration on June 29, 2012. (Tr. 133, 140). Plaintiff requested a hearing and a hearing was held before Administrative Law Judge Tammy Whitaker ("the ALJ") on November 18, 2014. (Tr. 60-108). On January 22, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 14-31). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on April 25, 2016. (Tr. 1-8). Plaintiff initiated the instant action by Complaint (Doc. 1) on June 24, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 10, 2011, the alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff had the following severe impairments: history of recurring deep vein

thrombosis on anticoagulation therapy; trochanteric bursitis of right hip; degenerative disk disease, degenerative joint disease, and spondylosis of cervical spine with bilateral radiculopathy and history of headache and cephalgia with chronic pain; history of right shoulder pain; obstructive sleep apnea with history of hypersomnia; asthma with history of dyspnea; obesity; depressive disorder not otherwise specified; mood disorder secondary to chronic pain; anxiety disorder; and panic disorder with agoraphobia. (Tr. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) except she can lift, push, pull and carry 10 pounds frequently and 20 pounds occasionally; can sit for six hours of an eight hour workday; and stand and walk, in combination, for six hours of an eight hour workday; she is limited to work that allows the individual to sit, walk, and stand alternatively provided that the individual can sit for one hour at one time; stand for one hour at one time; and walk for 20 minutes at one time; no foot control operation; frequently handling and fingering; never climb ladders, ropes, and scaffolds; occasionally balance, kneel, crouch, crawl and climb ramps and stairs; only occasionally stooping but never repetitive stooping below the waist; occasional exposure to respiratory irritants, such as, fumes, odors, dusts, and gases; no exposure to unprotected cutting hazards; and the claimant's work is limited to simple, routine, and repetitive tasks with "simple" defined as unskilled tasks.

(Tr. 19). At step four, the ALJ found that Plaintiff was capable of returning to her past relevant work as an office helper. (Tr. 30). The ALJ concluded that Plaintiff was not under a disability from February 10, 2011, through the date of the decision. (Tr. 30).

**II.      Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by finding that Plaintiff can return to her past relevant work; (2) whether the ALJ erred by failing to provide good cause

for rejecting the opinions of Plaintiff's treating and consulting physicians; and (3) whether the ALJ erred by discrediting Plaintiff subjective complaints. (Doc. 19 p. 2). The Court begins by addressing Plaintiff's second raised argument.

Plaintiff argues the ALJ erred by improperly rejecting the opinion of treating physician Fred Liebowitz, M.D., on the basis that the opinion was "internally inconsistent with the longitudinal treatment records" and inconsistent with Plaintiff's report that should could perform daily chores without interruption. (Doc. 19 p. 13). Plaintiff contends that the ALJ's rationale for rejecting Dr. Liebowitz's opinion is not consistent with the record and does not constitute good cause for rejection. (Doc. 19 p. 13). Plaintiff argues that contrary to the ALJ's finding, the longitudinal treatment records from Dr. Liebowitz, who treated Plaintiff on a monthly basis for several years throughout the relevant time period, fully supported Dr. Liebowitz's opinion. (Doc. 19 p. 14). Plaintiff further argues that the ALJ improperly rejected the opinion of Plaintiff's treating psychiatrist, Daryl Tanski, M.D., effectively on the basis that Plaintiff could not comply with physician's advice to seek mental health treatment. (Doc. 19 p. 15).

Defendant argues that the ALJ had good cause to reject Dr. Liebowtiz's opinion on the basis that the opinion was inconsistent with the longitudinal treatment records and the nature and extent of Plaintiff's activities. (Doc. 22 p. 8).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the

statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In her decision, the ALJ addressed Dr. Liebowitz's opinion as follows:

> On November 13, 2014, Dr. Liebowitz completed a medical source statement that the claimant was essentially limited to sedentary exertion with the ability to lift 10 pounds, stand/walk, in combination, a total of two hours and sit a total of four hours, each, in an 8-hour workday. While Dr. Liebowitz opined the claimant could not perform postural movements, the claimant had no significant problems with fine or gross manipulation or with foot controls (Exhibit 22F)
>
> I give little weight to the above opinion, as it is internally inconsistent with the longitudinal treatment records. I find the claimant is capable of at least light work as set forth herein given her reports based upon the objective evidence and the nature and extent of her activities as described throughout the decision. For example, the claimant said she was able to do daily chores without interruption. The claimant also filed reports she performed typical light household chores such as laundry, cleaning, and shopping (Exhibit 5E).

(Tr. 28).

Here, the Court finds that the ALJ erred by failing to provide good cause for rejecting Dr. Liebowitz's opinion. Contrary to the ALJ's statement, it is not clear that Dr. Liebowitz's opinion

was "internally inconsistent with the longitudinal treatment records." (Tr. 28). To the contrary, Dr. Liebowtiz's longitudinal treatment notes support his opinion rather than undermine it. As just a few examples, as noted by Plaintiff, the record shows that:

- Treatment notes dated August 19, 2011, show persistent right-sided low back pain with regular use of MS Contin and abnormal physical exam findings. (Tr. 390-92).

- Treatment notes dated March 21, 2012, show low back pain with radiation to the thigh with positive straight leg raise and limited range of motion in the spine. (Tr. 363-65).

- Treatment notes dated June 18, 2012, show progressively worsening neck pain with radiation and no effective pain relief with positive straight leg raise (Tr. 353-55).

- Treatment notes dated December 10, 2012, show worsening neck pain radiating to the upper extremities following a car accident. (Tr. 672-73).

- Treatment notes dated January 7, 2013, show persistent neck pain with radiation causing intense headaches. Physical examination showed multiple abnormalities, including antalgic gait and positive straight leg raise. (Tr. 668-70).

- Treatment notes dated March 29, 2013, show persistent neck pain radiating to upper extremities and lower back pain requiring new medication regimen. Again, there are numerous and progressively worsening physical examination findings. (Tr. 653-56).

- Treatment notes dated July 30, 2013, shows persistent pain with right lower extremity getting "progressively worse" with muscle weakness and falling. Again, there are numerous objective physical examination findings. (Tr. 635-37).

- Treatment notes dated September 26, 2013, show persistent low back pain with associated left leg weakness and occasional falling. (Tr. 617-19).

- Treatment notes dated December 27, 2013, show that pain is radiating into her back and hips and that she has lower left extremity weakness and is dragging the foot. Again, she has numerous abnormal examination findings, including positive straight leg raise and antalgic gait. (Tr. 598-01).

- Additional treatment notes show continued treatment and abnormal examination findings progressively worsening into 2014. At all times, Claimant has required pain management with opioid pain medications. (Tr. 593-96).

- A cervical MRI study from December 2014 shows degenerative disc disease with radiculopathy caused by flattening of the ventral cord at the C4-C5 level. (Tr. 801).

The ALJ provided no examples as to how Dr. Liebowitz's opinion was "internally inconsistent with the longitudinal treatment records" and it is not apparent from the ALJ's discussion of the record proceeding his explanation. Such conclusory reasons, without reference to the record, do not constitute good cause for rejecting the opinion of a treating physician.

The ALJ's remaining reason for rejecting Dr. Liebowitz's opinion also does not constitute good cause. The ALJ failed to sufficiently articulate how Plaintiff's daily activities undermine Dr. Liebowitz's opinion, as the performance of light chores does not constitute good cause to reject a medical opinion. *See Barreto v. Comm'r of Soc. Sec.*, 2012 WL 882520, at *4 (M.D. Fla. Mar. 15, 2012) (citing *Venette v. Apfel*, 14 F.Supp.2d 1307, 1314 (S.D. Fla. 1998)).

Turning to the opinion of Plaintiff's treating psychiatrist Dr. Tanski, the ALJ's decision noted that Dr. Tanski had completed a medical source statement at Plaintiff's request and opined that Plaintiff had marked limitations with her ability to perform at production levels expected by most employers; marked limitations with her ability to respond appropriately to work changes and to remember instructions; extreme limitations with the ability to behave predictably, reliably, and in an emotionally stable manner, and with her ability to tolerate work pressures; mild to moderate limitations with social interaction and no more than moderate limitations with concentration, persistence, and pace for her ability to complete work tasks and carry through instructions. (Tr.

26). After reviewing Dr. Tanski's opinion, the ALJ explained her decision for rejecting the opinion as follows:

> I give little weight to the above opinion, as it is unsupported given the minimal health treatment and is clearly based on the claimant's subjective allegations. The opinion is internally inconsistent with the mental health records, which showed no more than mild to moderate impairment. Indeed, the claimant's GAF was borderline with a GAF of 60, when seen in April 2014. Moreover, as noted above, the claimant's mood disorder was situational and episodic secondary to marital conflicts and financial concerns. There is no indication claimant has significant deficits with activities of daily living, social functioning, or concentration, persistence and pace related to a mental impairment. When seen with other treating physicians, psychiatric examinations have shown euthymic mood and little evidence of memory deficits (Exhibits 13F and 18F). Indeed, the pain specialist, Dr. Liebowitz has consistently noted the claimant has adequate memory, fund of knowledge, and capacity for sustained mental activity (Exhibits 17F and 22F), consistent with Dr. Tanski's opinion that the claimant was able to manage her own finances. Moreover, the claimant testified she continued to drive, attend church, read the Bible, and use a computer/phone to access the internet, check her emails, and maintain a social media account. I find the evidence is compelling the claimant is capable of at least simple, routine, and repetitive tasks with "simple" defined as unskilled tasks.

(Tr. 26).

Here, the Court finds that the ALJ provided good cause for rejecting Dr. Tanski's opinion. Unlike her treatment of Dr. Liebowitz's opinion, the ALJ explained the reasons for rejecting Dr. Tanski's by direct citation to the record. Contrary to Plaintiff's claim, the ALJ did not reject Dr. Tanski's opinion based on Plaintiff's noncompliance with medical advice due to financial problems, but on the basis that the record did not support Dr. Tanski's limitation findings. Accordingly, the Court finds no error in the ALJ's decision to reject Dr. Tanski's opinion.

Because the ALJ's error in her treatment of Dr. Liebowitz's opinion may impact the ALJ's findings concerning Plaintiff's subjective complaints, Plaintiff's RFC, and the question of whether Plaintiff can return to her past relevant work, the Court defers from addressing Plaintiff's other

raised issues as this time.  On remand, the ALJ shall further evaluate the opinion of Dr. Liebowitz and conduct any further proceedings as necessary.

## III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of Section 405(g) for further proceedings.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2017.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties